IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN R. MCNEILL, Individually and as Administrator of the ESTATE OF MATTHEW ROBERT MCNEILL, deceased, and as Guardian of the Person and Estate of N.M., a minor, | No. 4:22-CV-00677 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| GUTHRIE CLINIC, LTD.; GUTHRIE CLINIC, PC; GUTHRIE HEALTHCARE SYSTEMS, INC.; ROBERT PACKER HOSPITAL; PHILIP MCPHAIL, M.D.; DANIEL GOLDEN, M.D., | |
| Defendant. | |

MEMORANDUM OPINION

APRIL 13, 2023

I.  INTRODUCTION AND BACKGROUND

Plaintiff Susan R. McNeill, a resident of the State of New York, brings this medical malpractice action against Defendants for their allegedly negligent treatment of Matthew Robert McNeill.[1] She sues Defendants Phillip McPhail, M.D., and Daniel Golden, M.D., for causing Matthew's death by failing to adhere to the relevant standard of care[2] and sues the entity Defendants for their direct and

---

1  Compl., Doc. 1 ¶¶ 1, 15-22.
2  *Id.* ¶¶ 23-39 (medical malpractice claims), 46-55 (wrongful death and survival claims).

vicarious liability for Matthew's death.[3] Defendants now move to dismiss McNeill's Complaint because the Court does not have subject matter jurisdiction over this matter.[4] That motion has been fully briefed and is now ripe for disposition. For the following reasons, the Court agrees and grants Defendants' motion.

## II.   DISCUSSION

### A.   Motions to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks the Court's subject matter jurisdiction over the case before it. "At issue . . . is the court's 'very power to hear the case.'"[5] An evaluation under 12(b)(1) "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."[6] And "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."[7]

Courts must determine whether a jurisdictional challenge is facial or factual. When reviewing a facial 12(b)(1) motion, a court must "consider the allegations of the complaint as true."[8] In contrast, when reviewing a factual 12(b)(1) motion, a

---

[3]   *Id.* ¶¶ 40-55.
[4]   MTD, Doc. 6. Defendants also move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5) for McNeill's failure to timely serve them. *Id.*
[5]   *Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).
[6]   *Mortensen*, 549 F.2d at 891-92.
[7]   *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).
[8]   *Mortensen*, 549 F.2d at 891-92.

court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case."[9] "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[10]

### B.  Application

Defendants argue that the Court lacks subject matter jurisdiction because the parties are not diverse.[11] McNeill is domiciled in New York.[12] Defendants have provided evidence that Defendant McPhail is also domiciled in New York.[13] McNeill agrees that if McPhail is indeed domiciled in New York, the Court lacks subject matter jurisdiction over this action.[14] Accordingly, the Court concludes that McPhail is domiciled in New York and therefore the parties to this action are not completely diverse. Dismissal is accordingly appropriate.[15]

---

[9]  Id.
[10] Id.
[11] MTD Br., Doc. 8 at 3-4.
[12] Compl., Doc. 1 ¶ 1.
[13] Decl. of Phillip McPhail, Doc. 12-1.
[14] Opp. Br., Doc. 11 at 3 ("Based upon information and belief, [P]laintiff pleaded that [Defendant] McPhail was a citizen of the Commonwealth of Pennsylvania. In their instant Motion, the Defendants assert that at the time the Complaint was filed, McPhail was domiciled in the State of New York. If the [D]efendants' representation in this regard is true, then this Court does not have subject-matter jurisdiction . . . .").
[15] Consequently, the Court need not reach Defendants' Rule 12(b)(5) argument.

## III. CONCLUSION

For the foregoing reasons, Defendant's Rule 12(b)(1) motion is granted.

An appropriate Order follows.

                                            BY THE COURT:

                                            *s/ Matthew W. Brann*
                                            Matthew W. Brann
                                            Chief United States District Judge